UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-227-H

JAMES A. KIRKPATRICK	PLAINTIFF

V.

THE GOODYEAR TIRE & RUBBER COMPANY	DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's objections to the order of the Magistrate Judge compelling production of Fred Clevenger's July 18 handwritten notes. The Magistrate Judge determined that the notes in question did not qualify his work product and, therefore, would not protect him under Rule 26(b)(3), Federal Rules of Civil Procedure. Upon review of the circumstances, the Court reached conclusions slightly different than the Magistrate.

First, Clevenger has made a factually sufficient claim that litigation might reasonably be anticipated from Kirkpatrick's statements and Kirkpatrick's suspension on July 18. Clevenger's affidavit is not insufficient in that regard. Second, that Goodyear's counsel did not request Clevenger's investigation is not decisive here. Clevenger's notes may still qualify as work product. Finally, the best interpretation of events here seems to be that Clevenger's notes had a dual purpose, partly involving from his regular responsibilities and also from his reasonable perception of threat of litigation.

Every case is resolved on its own unique facts and circumstances. The decision here, one way or another, does not have great consequence with the application of the work product doctrine generally and certainly not in different circumstances. This is a close case. However, the Court concludes that Clevenger has adequately established that his July 18 handwritten notes

were prepared in anticipation of litigation and, therefore, that the notes themselves are protected under Rule 26(b)(3).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

cc: Counsel of Record